IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA
CIVIL DIVISION

EDWARD A DESMOND, JR.,

    Plaintiff

                                     CASE NO.:

-VS-

HSBC CARD SERVICES, INC. and
ACCOUNTS RECEIVABLE
MANAGEMENT, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT

The Plaintiff, EDWRD A. DESMOND, JR., by and through the undersigned counsel, sues the Defendants, HSBC CARD SERVICES, INC. and ACCOUNTS RECEIVABLE MANAGEMENT, INC., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff is a debtor pursuant to Florida Statue 559.77(1).

5. Defendant, HSBC CARD SERVICES, INC. ("HSBC"), is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

6. Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC. ("ARM"), is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

7. Defendants consent of and have knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of Account Number 8679275.

8. Defendant, HSBC, intentionally harassed and abused the Plaintiff by their representative, "Cathy McBride," communicating with a 3rd party by the name of Edward S. Desmond, a person that is not related to the Plaintiff, and disclosing to the 3rd party false personal information affecting the Plaintiff's reputation.

9. Defendant, HSBC, through their agent and representative known only as "Joel," communicated with a 3rd party by the name of Edward S. Desmond, a person that is not related to the Plaintiff, and disclosed to the 3rd party false personal information affecting the Plaintiff's reputation.

10. Defendant, HSBC, through their agent and representative known as, "Kemi Gibson," communicated with a 3rd party by the name of Edward S. Desmond, a person that is not related to the Plaintiff, and disclosed to the 3rd party false personal information affecting the Plaintiff's reputation.

11. Defendant, HSBC, through their agent and representative known as "Bernard Thomas," communicated with a 3rd party by the name of Edward S. Desmond, that was not related to Plaintiff, and disclosed to the 3rd party false personal information affecting the Plaintiff's reputation.

12. Defendant, HSBC, repeatedly contacted the Plaintiff hundreds of times at his place of residence between January, 2007 and April, 2007.

13. Defendant, HSBC, through their agents and representatives known as "Martha Ballard," "Cathy McBride," "Jodie," "Tanya," "Marie," "J.R. Adams," "Suzette," "Diane," "Michelle," "Catty Epps," "Mindy Hall," "Ann Smith," called Plaintiff's place of employment and residence between October 2006 to the present with such frequency as can reasonably be meant to harass.

14. Defendant, HSBC, harassed the Plaintiff by their agents and representatives calling a 3rd party by the name of Edward S. Desmond, approximately 1000 times and discussing the Plaintiff's personal business.

15. Defendant, HSBC, hired their debt collector ARM to collect a debt from Plaintiff.

16. Defendant, ARM, attempted to collect a debt from the Plaintiff by contacting Edward S. Desmond.

17. Defendant, ARM, left automated messages on a 3rd party's answering machine, that was not Plaintiff's family, disclosing information affecting Plaintiff's reputation.

18. Defendants ARM and HSBC worked in concert to harass the Plaintiff by their and through their collection techniques.

19. On July 16, 2007 HSBC paid ARM $214.00 which was the result of HSBC's and ARM's concerted collection harassment.

20. Defendant, HSBC, harassed the Plaintiff by their agents and representatives calling a 3rd party by the name of Edward S. Desmond, approximately 1000 times and discussing the Plaintiff's personal business.

21. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

22. All conditions precedent to the filing of this action have occurred.

## COUNT I

### (Violation of the Florida Consumer Collection Practices Act "FCCPA") HSBC CARD SERVICES, INC.

Plaintiff re-alleges paragraphs 1 through 22 above and further states:

23. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

24. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

25. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor

26. Defendant has violated Florida Statute §559.72(5)

27. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the Florida Consumer Collection Practices Act "FCCPA") ACCOUNTS RECEIVABLE MANAGEMENT, INC.

Plaintiff re-alleges paragraphs 1 through 22 above and further states:

28. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

29. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

30. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor

31. Defendant has violated Florida Statute §559.72(5)

32. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

DATED this 15 day of July, 2009.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff
WHoward@forthepeople.com